People v Moultrie (2025 NY Slip Op 06790)

People v Moultrie

2025 NY Slip Op 06790

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Ind No. 928/20|Appeal No. 5291|Case No. 2023-02138|

[*1]The People of the State of New York, Respondent,
v
Carl Moultrie, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Norma Esquivel of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J., at suppression hearing; Miriam Best, J., at plea; Brendan Lantry, J., at sentencing), rendered March 3, 2023, as amended on March 23, 2023, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.
Defendant validly waived his right of appeal (see People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his suppression claim (see People v Reeves, 187 AD3d 412 [1st Dept 2020], lv denied 36 NY3d 975 [2020]). As an alternative holding, we find that the record before the hearing court supports the court's conclusion that the parole officers were entitled to perform a warrantless safety search of defendant's apartment since their conduct was rationally and substantially related to the performance of their official duties (see People v Andrews, 136 AD3d 596 [1st Dept 2016], lv denied 27 NY3d 1128 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025